UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| JOHNNY LEE SANDERS,          )<br>    *Plaintiff*,                                  )<br>                                                      )<br>    *vs*.                                           )<br>                                                      )<br>CITY OF INDIANAPOLIS, *ET AL*.,    )<br>    *Defendants*.                          )<br>                                                      ) | 1:09-cv-0622-SEB-JMS |

## ORDER

Presently before the Court is Defendants' Motion for Stay of Discovery Pending Resolution of Defendants' Motion to Dismiss (the "Motion to Stay"). [Dkt. 45.]

Defendants filed a motion to dismiss Mr. Sanders' § 1983 complaint, [dkt. 18], a complaint which essentially asks the Court to decide whether Mr. Sanders is entitled to the immediate return of certain documents that were seized pursuant to a search warrant, [dkt.15]. Mr. Sanders didn't file a timely response to Defendants' motion to dismiss and was denied leave to file a belated one. [Dkt. 24.] (Notwithstanding that denial, Mr. Sanders went ahead and filed a response, which Defendants have moved to strike, [dkt. 26].)

Defendants filed their Motion to Stay after Mr. Sanders recently served document requests that, among other things, ask Defendants to produce the documents that Mr. Sanders says have been wrongfully withheld from him. [*See* dkt. 46-1.] They want the Court to stay discovery until the Court decides whether Mr. Sanders has any potentially cognizable constitutional claim.

The Federal Rules permit trial courts broad discretion to control the timing (and extent) of discovery. *See, e.g.*, *Clinton v. Jones*, 520 U.S. 681, 706 (1997); *Brown-Bey v. United States*, 720 F.2d 467, 470 (7th Cir. 1983); Fed. R. Civ. Pro. 26(c). Although not mandatory, courts often

stay discovery while a motion to dismiss the complaint is pleading. *E.g.*, *In re Sulfuric Acid Antitrust Litig.*, 231 F.R.D. 331, 336 (N.D. Ill. 2005) ("Limitation or postponement of discovery may be appropriate when a defendant files a motion to dismiss for failure to state a claim on which relief can be granted. The mere filing of the motion does not automatically stay discovery….But such stays are granted with substantial frequency." (citations omitted)). Indeed, the Supreme Court's recent adoption of a more rigorous pleading standard rested, in part, upon the concern that plaintiffs were subjecting defendants to discovery costs despite having no legally cognizable claims. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 559 (2007) ("It is no answer to say that a claim just shy of a plausible entitlement to relief can, if groundless, be weeded out early in the discovery process through careful case management, given the common lament that the success of judicial supervision in checking discovery abuse has been on the modest side." (quotation and citation omitted)).

In this case, the Court concludes that a stay of discovery is appropriate. Mr. Sanders' failure to timely respond to Defendants' motion to dismiss creates a high likelihood (though not a certainty) that his claims will ultimately be dismissed. If so, Defendants will have needlessly been put to the expense of discovery. Furthermore, given that the crux of his lawsuit is whether he is entitled to the documents that Defendants seized, it would be inappropriate to permit him to obtain those documents during discovery, at least until the Court has passed on the merits of his constitutional claim. *Cf. Solar Sources v. United States*, 142 F.3d 1033, 1040 (7th Cir. 1998) (explaining that, in the context of litigation under the Freedom of Information Act, the attorney for the party seeking to obtain disclosure of the documents is not entitled to participate in the court's *in camera* review of the disputed documents).

Defendants' Motion to Stay is therefore **GRANTED**. No party may serve discovery, absent a written stipulation or further order of Court, until the Court rules upon Defendants' pending motion to dismiss.

04/02/2010

                                            Jane Magnus-Stinson
                                            United States Magistrate Judge
                                            Southern District of Indiana

**Distribution via ECF only:**

Shannon Lee Logsdon
CITY OF INDIANAPOLIS, CORPORATION COUNSEL
slogsdon@indygov.org

Jonathan Lamont Mayes
CITY OF INDIANAPOLIS, CORPORATION COUNSEL
jmayes@indygov.org

Patrick Stern
jimi@jameshendrix.info