UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS  DIVISION

JOHNNY LEE SANDERS,          )
                                     )
        Plaintiff,          )
                                     )          1:09-cv-622-SEB-JMS
    vs.               )
                                     )
CITY OF INDIANAPOLIS, and    )
METROPOLITAN POLICE OFFICER   )
KERRY A. BUCKNER,        )
                                     )
        Defendants.      )

**ORDER GRANTING MOTION TO DISMISS**

This cause is before the Court on the Motion to Dismiss [Docket No. 18], filed by

Defendants, the City of Indianapolis and Metropolitan Police Officer Kerry A. Buckner,

on August 31, 2009; and Defendants' Motion to Strike [Docket No. 26], filed on

September 29, 2009.  Plaintiff has brought this action pursuant to Title 42 United States

Code Section 1983, alleging that Officer Buckner's conduct has resulted in Plaintiff's

continuing loss of personal property.  For the reasons detailed in this entry, Defendants'

Motion to Dismiss is <u>GRANTED</u>, and Defendants' Motion to Strike is <u>GRANTED</u>.

### *Background*

The following facts are drawn from the allegations set forth in Plaintiff's

Complaint: On February 16, 2009, a master commissioner issued a search warrant for

Plaintiff's home and business to Officer Kerry Buckner.  Buckner went to Plaintiff's

business located at 5241 English Avenue, Indianapolis, Indiana, and there seized vehicle

titles, tax records, and other papers, as authorized by the warrant.  On the same day,

Buckner went to Plaintiff's residence in Shelby County, Indiana, and, while there, seized

further documents belonging to Plaintiff, also as authorized.  Plaintiff contends generally

that Buckner's conduct violated his constitutional rights and that his conduct was the

result of inadequate police training on the part of his employer, the City of Indianapolis.

On March 20, 2009, Plaintiff filed a motion in Marion Superior Court seeking the

return of the seized property.  Plaintiff also filed a Complaint in Perry Township Small

Claims Court, on April 24, 2009, seeking the recovery of money lost as a result of

Buckner's conduct, which had allegedly rendered Plaintiff unable to conduct business

with certain of his customers.

The Marion Superior Court twice set the matter for hearing, but Officer Buckner

failed to appear both times.  Plaintiff thus filed a motion for Buckner to show cause,

which that court set for a hearing on June 22, 2009.  Prior to that hearing, Defendants

removed the cause to this Court, and now seek dismissal of the action in its entirety.

## *Discussion*

### I.    *Standard of Review*

"To survive a motion to dismiss, a complaint must contain sufficient factual

matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft

v. Iqbal, 129 S.Ct. 1937, 1949 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S.

544, 570 (2007)).  "Threadbare recitals of the elements of a cause of action, supported by

mere conclusory statements, do not suffice" to withstand the requirements of Federal

Rules of Civil Procedure 8 and 12(b)(6).  Id.  A party moving to dismiss nonetheless

bears a weighty burden. "[O]nce a claim has been stated adequately, it may be supported

by showing any set of facts consistent with the allegations in the complaint." Twombly,

550 U.S. 544, 563 (2007) (citing Sanjuan v. American Bd. of Psychiatry and Neurology,

Inc., 40 F.3d 247, 251 (7th Cir. 1994) ("[At the pleading stage] the plaintiff receives the

benefit of imagination, so long as the hypotheses are consistent with the complaint."")).  In

addressing a Rule 12(b)(6) motion, we treat all well-pleaded factual allegations as true,

and we construe all inferences that reasonably may be drawn from those facts in the light

most favorable to the non-movant.  Lee v. City of Chicago, 330 F.3d 456, 459 (7th Cir.

2003); Szumny v. Am. Gen. Fin., 246 F.3d 1065, 1067 (7th Cir. 2001).


## II.   *Section 1983*[1]

Defendants' Motion to Dismiss is little more than a windy recounting of the

applicable standards for pleadings filed in federal court, as articulated in Federal Rule of

---

[1]Defendants have interposed a Motion to Strike Plaintiff's Response on the ground that
that brief was filed untimely.  Defendants' Motion to Dismiss was filed on August 31, 2009.
Pursuant to Rule 7.1(b) of the Local Rules, Plaintiff had fifteen days in which to serve his
response.  Incorporating three additional days as provided for in Federal Rule of Civil Procedure
6(d), Plaintiff's brief was due September 18, 2009.  On September 25, 2009, seven days after this
due date, Plaintiff filed a Motion for Enlargement of Time to File Response, but that motion was
denied. [Docket No. 24].  Despite the Court's order, Plaintiff filed his Response, out of time, on
the evening of September 28, 2009.  Because that filing was untimely, in violation of the Local
and Federal Rules, Defendants' Motion to Strike shall be granted.

Civil Procedure 8 and the Supreme Court's recent decisions in Iqbal and Twombley.

Defendants' briefing draws no connection whatsoever between those standards and the

facts of this case.  In essence, Defendants challenge the Complaint on the ground that it

articulates no plausible facts upon which relief may be granted because it contains no

allegation of a constitutionally protected right.

       As we read the Complaint, Plaintiff has asserted a claim based on Defendants'

allegedly improper continued possession of items seized as part of the execution of a

properly authorized search warrant.  Presumably, Plaintiff believes that, because he was

denied a hearing in connection with the seizure of this property by virtue of Buckner's

failure to appear at designated hearings before the Marion Superior Court, Defendants'

actions constituted a violation of his procedural due process rights.  However, a lack of

process is not sufficient, by itself, to state a claim.  To prevail under 42 U.S.C. § 1983, a

plaintiff must establish that he was deprived of a right secured by the Constitution or laws

of the United States by a person acting under color of state law.  West v. Atkins, 487 U.S.

42, 48 (1988).  "To recover damages under § 1983, a plaintiff must establish that a

defendant was personally responsible for the deprivation of a constitutional right."

Gentry v. Duckworth, 65 F.3d 555, 561 (7th Cir. 1995) (citing Sheik-Abdi v. McClellan,

37 F.3d 1240, 1248 (7th Cir. 1994)).

       Nothing in Plaintiff's claim alleges the deprivation of a protected property interest

or constitutional right.  His claim is predicated entirely upon the alleged unlawfulness of

Officer Buckner's seizure, and Defendants' continued possession, of his property.

However, he challenges neither the validity of the warrant nor the legality of Buckner's

execution of that warrant (indeed, he admits that the warrant was executed according to

its clear language).  These allegations, which fail to identify a recognized constitutional or

other legal right, do not articulate a protected interest for purposes of § 1983.[2]  See

Campbell v. Chappelow, 95 F.3d 576, 580 (7th Cir. 1996); see also Heller v. New York,

413 U.S. 483, 488-93 (1973).[3]  Accordingly, Plaintiff has failed to state a due process

claim under § 1983.


### III.    Qualified Immunity

The individual Defendant, Officer Buckner, has also invoked a qualified immunity

defense to Plaintiff's federal claim as an alternative basis for dismissal.  The doctrine of

qualified immunity protects government officials from liability for civil damages so long

as their conduct does not violate clearly established statutory or constitutional rights

reasonably knowable at the time of the conduct.  Harlow v. Fitzgerald, 457 U.S. 800, 818

(1982).  Because qualified immunity is an *immunity from suit* rather than a mere defense

to liability, it is properly assessed during the early stages of the litigation.  See Purtell v.

---

[2]Nor do the allegations demonstrate insufficient process, given that the warrant which precipitated the seizure of his property was authorized by a judicial finding of probable cause, and further that the warrant was executed properly.

[3]It is equally clear that the allegations contained in the Complaint do not state a claim for violation of Plaintiff's substantive due process rights, which would require a showing that Defendants abused their power in a way that "shocks the conscience."  Rochin v. California, 342 U.S. 165 (1952).  The allegations here simply do not rise to this level.

Mason, 527 F.3d 615, 621 (7th Cir. 2008).

In Saucier v. Katz, 533 U.S. 194 (2001), the Supreme Court established a two-step method for lower courts to apply in determining qualified immunity. Under Saucier, a court must first decide whether the facts alleged or shown by the plaintiff make out a violation of a constitutional right, and if the plaintiff satisfies this first step, the court next decides whether the right at issue was "clearly established" at the time of the defendant's alleged misconduct. Recently, the Supreme Court reconsidered this heretofore mandatory analytical sequence, concluding that, although the Saucier sequence is often appropriate, a court is permitted to exercise discretion in deciding which prong of the qualified immunity analysis should be addressed first in light of the circumstances of the particular case. Pearson v. Callahan, 129 S.Ct. 808 (2009); see also Gonzalez v. City of Elgin, 578 F.3d 526, 540 (7th Cir. 2009).

Because, as discussed previously, see supra § II, Plaintiff has not successfully asserted a violation of a federal constitutional right, application of the doctrine in this case conforms neatly to the traditional Saucier analytical sequence, and the first step is not met. Furthermore, given this conclusion, it is equally clear that no such right protecting Plaintiff was clearly established at the time, nor has Plaintiff met his burden of "showing that there is 'a clearly analogous case establishing a right to be free from the specific conduct at issue' or that 'the conduct is so egregious that no reasonable person could have believed that ti would not violate clearly established rights.'" Gonzalez, 578 F.3d at 540 (quoting Smith v. City of Chicago, 242 F.3d 737, 742 (7th Cir. 2001)). Accordingly,

Defendant Buckner is protected, in his individual capacity, by qualified immunity, which provides an alternative entitlement to dismissal of Plaintiff's Section 1983 claim against him.

## IV.    *Failure to Train*

Plaintiff's Complaint also mentions that the alleged wrongs in this case were the result of the City's failure to train Buckner properly.  The Complaint contains nothing beyond this general allegation, however, to support such a claim.  An "allegation of a 'failure to train' is available only in limited circumstances."  Roach v. City of Evansville, 111 F.3d 544, 549 (7th Cir. 1997) (quoting Cornfield by Lewis v. Consolidated High School Dist. 230, 91 F.2d 1316, 1327 (7th Cir. 1993).  To prevail, the plaintiff must show that "the City's employee violated his constitutional rights, that the City had a policy or custom of failing to train its employees, and that the failure to train caused the constitutional violation."  Roach, 111 F.3d at 549.  "[T]he inadequate training of police officers could be characterized as the cause of a constitutional tort if – and only if – the failure to train amounted to 'deliberate indifference' to the rights of persons with whom the police come into contact."  Id.

In addition to failing to allege the existence of a constitutional violation, see supra § II, Plaintiff has not alleged any facts relating to any policy or custom established by the City, let alone a link between such a policy and any constitutional violation, as required. Robles v. City of Fort Wayne, 113 F.3d 732, 735 (7 Cir. 1997) (citing City of Oklahoma

v. Tuttle, 471 U.S. 808 (1985)).  Indeed, the Complaint alleges nothing to substantiate its

"failure to train" allegation, relying instead on boilerplate language outlining the nature of

such a claim.  Formulaic assertions such as this are entirely inadequate under the

standards articulated in Rule 8 and Iqbal.  Accordingly, Plaintiff's Complaint fails to state

a claim for failure to train, and that claim must and shall be dismissed.


**V.      Conclusion**

For the reasons detailed in this entry, Defendants' Motion to Dismiss is

GRANTED; and Defendants' Motion to Strike is GRANTED.  Final judgment shall be

entered accordingly.

IT IS SO ORDERED.

Date: _____06/11/2010_____

SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

Copies to:

Shannon Lee Logsdon
CITY OF INDIANAPOLIS, CORPORATION COUNSEL
slogsdon@indygov.org

Patrick  Stern
jimi@jameshendrix.info